CR-17 00286 LHK SVK

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### *SAN JOSE DIVISION*

## THE UNITED STATES OF AMERICA
## vs
## GRANT RIDDER

## INDICTMENT

| | |
|---|---|
| COUNTS 1-2: | 18 U.S.C. § 2251(a) — Production of Child Pornography |
| COUNTS 3-5: | 18 U.S.C. § 2252(a)(2) — Distribution of Child Pornography |
| COUNT 6: | 18 U.S.C. § 2252(a)(4)(B) — Possession of Child Pornography |
| COUNTS 7-9: | 18 U.S.C. § 2261A(2) — Cyberstalking |
| COUNT 10: | 18 U.S.C. § 2422(b) – Coercion and Enticement of a Minor |

*A true bill.*

_____
*Foreperson*

Filed in open court this ___18___ day of ___May___ A.D. 2017

_____
*United States Magistrate Judge*
Nathanael Cousins

Bail. $ ___No bail arrest warrant___



BRIAN J. STRETCH (CABN 163973)
United States Attorney



SEALED BY ORDER OF COURT

FILED
MAY 18 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

GRANT RIDDER,

Defendant.

CR-17 00286 HK SVK

VIOLATIONS:
18 U.S.C. § 2251(a) - Production of Child Pornography; 18 U.S.C. § 2252(a)(2) - Distribution of Child Pornography; 18 U.S.C. § 2252(a)(4)(B) - Possession of Child Pornography; 18 U.S.C. § 2261A(2) - Cyberstalking; 18 U.S.C. § 2422(b) - Coercion and Enticement of a Minor; 18 U.S.C. § 2253(a) and 18 U.S.C. § 2428 - Forfeiture Allegations

SAN JOSE VENUE

**INDICTMENT**

The Grand Jury charges:

COUNT ONE: (18 U.S.C. § 2251(a) – Production of Child Pornography)

On or about July 27, 2013, in the Northern District of California and elsewhere, the defendant,

GRANT RIDDER,

knowingly employed, used, persuaded, induced and enticed G.T., a minor, to engage in sexually explicit conduct, including sexual intercourse, masturbation, and lascivious exhibition of the genitals or pubic area of any person, for the purpose of producing a visual depiction of such conduct, knowing and having

INDICTMENT                                1

reason to know that such visual depiction would be transported or transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and such visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, all in violation of 18 U.S.C. § 2251(a).

COUNT TWO: (18 U.S.C. § 2251(a) – Production of Child Pornography)

On or about July 14, 2013, in the Northern District of California and elsewhere, the defendant,

GRANT RIDDER,

knowingly employed, used, persuaded, induced and enticed D.S., a minor, to engage in sexually explicit conduct, including masturbation and lascivious exhibition of the genitals or pubic area of any person, for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported or transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and such visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, all in violation of 18 U.S.C. § 2251(a).

COUNT THREE: (18 U.S.C. § 2252(a)(2) – Distribution of Child Pornography)

On or about January 5, 2014, in the Northern District of California and elsewhere, the defendant,

GRANT RIDDER,

did knowingly distribute at least one visual depiction that had been mailed and shipped and transported in and affecting interstate and foreign commerce, and which contains materials which had been so mailed and shipped and transported by any means, including by computer, the production of which involved the use of S.M., a minor, engaging in sexually explicit conduct and which visual depiction was of such conduct, all in violation of 18 U.S.C. § 2252(a)(2).

INDICTMENT                    2

1 | COUNT FOUR: (18 U.S.C. § 2252(a)(2) – Distribution of Child Pornography)

On or about January 5, 2014, in the Northern District of California and elsewhere, the defendant,

GRANT RIDDER,

did knowingly distribute at least one visual depiction that had been mailed and shipped and transported in and affecting interstate and foreign commerce, and which contains materials which had been so mailed and shipped and transported by any means, including by computer, the production of which involved the use of D.S., a minor, engaging in sexually explicit conduct and which visual depiction was of such conduct, all in violation of 18 U.S.C. § 2252(a)(2).

COUNT FIVE: (18 U.S.C. § 2252(a)(2) – Distribution of Child Pornography)

On or about October 23, 2013, in the Northern District of California and elsewhere, the defendant,

GRANT RIDDER,

did knowingly distribute at least one visual depiction that had been mailed and shipped and transported in and affecting interstate and foreign commerce, and which contains materials which had been so mailed and shipped and transported by any means, including by computer, the production of which involved the use of G.T., a minor, engaging in sexually explicit conduct and which visual depiction was of such conduct, all in violation of 18 U.S.C. § 2252(a)(2).

COUNT SIX: (18 U.S.C. § 2252(a)(4)(B) – Possession of Child Pornography)

On or about June 19, 2014, in the Northern District of California and elsewhere, the defendant,

GRANT RIDDER,

did knowingly possess at least one matter, specifically a QNAP NAS TS-869 Pro, S/N: Q141L09847, which contained at least one visual depiction that had been mailed, shipped, and transported in and affecting interstate and foreign commerce, and which was produced using materials which have been mailed, shipped, and transported in interstate and foreign commerce, by any means including by computer, knowing that the production of such visual depiction involved the use of G.T., a minor engaging in sexually explicit conduct, and that such visual depiction was of such conduct, all in violation of 18 U.S.C. § 2252(a)(4)(B).

//

INDICTMENT 3

COUNT SEVEN: (18 U.S.C. § 2261A(2) – Cyberstalking)

On or about October 23, 2013, in the Northern District of California and elsewhere, the defendant,

GRANT RIDDER,

with the intent to harass and intimidate, used an interactive computer service, electronic communication service, electronic communication system of interstate commerce, and other facilities of interstate and foreign commerce, specifically the internet and Facebook, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause, substantial emotional distress to victim G.T., all in violation of 18 U.S.C. § 2261A(2).

COUNT EIGHT: (18 U.S.C. § 2261A(2) – Cyberstalking)

On or about July 26, 2013, in the Northern District of California and elsewhere, the defendant,

GRANT RIDDER,

with the intent to harass and intimidate, used an interactive computer service, electronic communication service, electronic communication system of interstate commerce, and other facilities of interstate and foreign commerce, specifically the internet and instant messages, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause, substantial emotional distress to victim D.S., all in violation of 18 U.S.C. § 2261A(2).

COUNT NINE: (18 U.S.C. § 2261A(2) – Cyberstalking)

On or about December 7, 2013, in the Northern District of California and elsewhere, the defendant,

GRANT RIDDER,

with the intent to harass and intimidate, used an interactive computer service, electronic communication service, electronic communication system of interstate commerce, and other facilities of interstate and foreign commerce, specifically the internet and instant messages, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause, substantial emotional distress to victim S.M., all in violation of 18 U.S.C. § 2261A(2).

//
//

1 | COUNT TEN: (18 U.S.C. § 2422(b) – Coercion and Enticement of a Minor)

From on or about November 19, 2013, up to and including on or about June 18, 2014, in the Northern District of California and elsewhere, the defendant,

GRANT RIDDER,

using a facility and means of interstate and foreign commerce, unlawfully and knowingly did persuade, induce, entice, and coerce A.S., a minor, to engage in sexual activity for which any person could be charged with a criminal offense under California law, including Oral Copulation with a Minor in violation of Cal. Pen. Code § 288A(b)(1), Penetration with a Foreign Object in violation of Cal. Pen. Code § 289(h), and Attempting to Engage a Minor for Lewd or Lascivious Conduct in violation of Cal. Pen. Code § 288.4(A), all in violation of 18 U.S.C. § 2422(b).

FORFEITURE ALLEGATION: (18 U.S.C. § 2253(a)(1), (a)(3), and 2428 – Criminal Forfeiture)

The allegations contained in Counts One through Ten of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 2253(a)(1) and (a)(3).

Upon conviction of one or more of the offenses alleged in Counts One through Ten of this Indictment, the defendant,

GRANT RIDDER,

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 2253(a)(1) and (a)(3), all visual depictions described in Title 18, United States Code Section 2252, and all property, real or personal, used or intended to be used to commit or promote the commission of the offenses of conviction, including but not limited to the following items that were obtained from defendant on June 19, 2014:

    a. Apple MacBook Pro laptop, S/N: C02KQ0B4FFRR,
    b. Apple iPhone 5S, S/N: DNPLF03QFFFT,
    c. Apple iPhone 4S, S/N: C8PH10AKDTD8,
    d. HP EliteBook, S/N: USH223A101Y,
    e. Dell Optiplex Hard Disk Drive, S/N: C6XQQH1, and
    f. QNAP NAS TS-869 Pro, S/N: Q141L09847.

|   |   |
|---|---|
| 1 | Upon conviction of one or more of the offenses alleged in Count Ten of this Indictment, the |
| 2 | defendant, |
| 3 | GRANT RIDDER, |
| 4 | shall forfeit to the United States any property, real or personal, that was used or intended to be used to |
| 5 | commit or to facilitate the commission of the offenses[s] and any property, real or personal, constituting |
| 6 | or derived from any proceeds obtained, directly or indirectly, as a result of the offense[s]. The property |
| 7 | to be forfeited includes, but is not limited to: |
| 8 |     a. a forfeiture money judgment, and |
| 9 |     b. an Apple iPhone 5S, S/N: DNPLF03QFFFT. |
| 10 | If, as a result of any act or omission of the defendants, any of the property described above |
| 11 |     a. cannot be located upon the exercise of due diligence; |
| 12 |     b. has been transferred or sold to or deposited with a third person; |
| 13 |     c. has been placed beyond the jurisdiction of the Court; |
| 14 |     d. has been substantially diminished in value; or |
| 15 |     e. has been commingled with other property which cannot be divided without |
| 16 |         difficulty; |
| 17 | the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States |
| 18 | Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c). |
| 19 | All pursuant to 18 U.S.C. §§ 2253(a)(1), (a)(3), and 2428; and Federal Rule of Criminal |
| 20 | Procedure 32.2. |
| 21 | DATED: |
| 22 | 5/18/2017 |
| 23 | BRIAN J. STRETCH |
| 24 | United States Attorney |
| 25 | *(signature)* |
| 26 | JEFFREY NEDROW<br>Chief, San Jose Branch Office |
| 27 |   |
| 28 | (Approved as to form: *Maria Perez* )<br>AUSA PEREZ |

A TRUE BILL

*(signature)*

FOREPERSON

INDICTMENT      6

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

SEALED BY ORDER OF COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
SAN JOSE DIVISION

## OFFENSE CHARGED

SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: SEE ATTACHED SHEET

CR - 17 00286 LHK SVK

**DEFENDANT - U.S.**
► GRANT RIDDER

FILED
DISTRICT COURT NUMBER
MAY 1 8 2017
SUSAN Y. SOONG
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

E-filing

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
Contra Costa D.A.'s Office

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form  BRIAN STRETCH
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  AUSA MAIA PEREZ

## DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ►
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No
If "Yes" give date filed

DATE OF ARREST ► Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ► Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT   Bail Amount: None

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

AO 257 (Rev. 6/78)

# PENALTY SHEET ATTACHMENT

Counts One & Two – 18 U.S.C. § 2251(a): Production of Child Pornography
Imprisonment: 15 years minimum, 30 years maximum
Fine: $250,000
Supervised Release: 5 years
$100 special assessment
Mandatory Restitution

Counts Three through Five – 18 U.S.C. § 2252(a)(2): Distribution of Child Pornography
Imprisonment: 5 years minimum, 20 years maximum
Fine: $250,000
Supervised Release: 3 years
$100 special assessment
Mandatory Restitution

Count Six – 18 U.S.C. § 2252(a)(4)(B): Possession of Child Pornography
Imprisonment: 10 years maximum
Fine: $250,000
Supervised Release: 3 years
$100 special assessment
Mandatory Restitution

Counts Seven through Nine – 18 U.S.C. § 2261A(2): Cyberstalking
Imprisonment: 5 years maximum
Fine: $250,000
Supervised Release: 3 years
$100 special assessment

Counts Ten – 18 U.S.C. § 2422(b): Coercion and Enticement of a Minor
Imprisonment: 10 years minimum, maximum of life
Fine: $250,000
Supervised Release: 5 years
$100 special assessment